SUMMARY ORDER
This case relates to a proposed restoration of the Seventh Regiment Armory (the “Armory”) located at 643 Park Avenue in Manhattan. Appellants filed a complaint *534 seeking, inter alia, declaratory judgment and injunctive relief invalidating a 2004 New York State statute authorizing a 2006 lease of the Armory to the Seventh Regiment Armory Conservancy, Inc. (“Conservancy”). Appellants argued that the statute violated several of their constitutional rights under the First Amendment, the Takings Clause of the Fifth Amendment, and the Due Process and the Equal Protection Clause of the Fourteenth Amendment. On January 5, 2009, 2009 WL 29599, Judge Barbara Jones granted defendants’ motion to dismiss on the grounds that plaintiffs lacked standing. Appellants now appeal from this judgment. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
This Court reviews a district court’s dismissal of a complaint under rules 12(b)(1) and (6) de novo. Jaghory v. N.Y. State Dep’t of Educ., 131 F.3d 326, 329 (2d Cir.1997). Further, we must accept all factual allegations in the complaint as true and draw inferences in the light most favorable to the appellants. Id.
Upon review, we conclude that the district court was correct that appellants did not have Art. Ill standing. The “irreducible constitutional minimum” of standing has three elements:
(1) there must be an “ ‘injury in fact,’-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;” (2) there must be “a causal connection between the injury and the conduct complained of;” and (3) “it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.”
Port Washington Teachers’ Ass’n v. Bd. of Ed. of Port Washington, 478 F.3d 494, 498 (2d Cir.2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Appellants have failed to show any injuries in fact.
First, appellants’ complaint failed to allege a property interest in the Armory. U.S. Olympic Comm. v. Intelicense Corp., S.A., 737 F.2d 263, 268 (2d Cir.1984) (“Only the owner of an interest in property at the time of the alleged taking has standing to assert that a taking has occurred.”). The complaint contends that, the Armory is privately owned by “the trustees of the Seventh Regiment Armory fund,” but fails to allege that appellants are the trustees or the successors of the trustees. Instead, appellants bring this action as veterans (although only Wells is a veteran of the Seventh Regiment specifically), and directors of the 107th Infantry Regiment Historical Society. They allege no official connection between the Seventh Regiment Historical Society, and the Seventh Regiment of the National Guard or its successor unit, the 107th Corps Support Group of the New York Armory National Guard. Therefore, Appellants have no standing to bring a takings claim.
Second, Appellants argue they have been denied a free speech right to “tell[ ] stories of the experiences of citizen-soldiers” by installing a military history museum, a free association right to hold Armory meetings with other veterans based on “collegiality and shared experiences,” and a statutory right to free access to the Armory. They argue that Chapter 482 (and the Conservancy plans to convert interior spaces into “commercial restaurant, cocktail lounge and banquet and reception facilities”) “effectively” denies them free access.
Appellants do not argue that Chapter 482 on its face violates any of appellants’ asserted rights, nor did their complaint allege that Chapter 482 has been applied to violate these rights. Chapter 482 *535 changes the access procedure to the Armory only in that appellants must now submit their application for access to a different person. N.Y. Mil. Law. § 180-a (3)(c)(i). Appellants did not allege that they have applied for and been denied access. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166-67, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) (finding plaintiff lacked standing to challenge racially discriminatory membership policy because he had never applied for membership). At present, any injury is hypothetical.
Any injury from failure to install a museum is similarly hypothetical because appellants did not allege that they have applied for and been denied access to use the Armory for a museum. Even if appellants were denied, they have not asserted a right to build a museum in the Armory. While the Armory may be, as appellants assert, a natural choice for the museum, the Historical Society Charter to build a museum does not state where the museum will be located, and makes no mention at all of the Armory. Thus, appellants have not shown any right to install a museum in the Armory.
The Equal Protection Claim fails for the same reasons: Chapter 482 does not deny appellants access to the Armory on its face, nor did they allege that they have been denied access in fact. Appellants have not alleged that they have been treated differently than any other group.
Accordingly, the judgment of the district court hereby is AFFIRMED.